1  RICK D. ROSKELLEY, ESQ., Bar # 3192
   TIMOTHY W. ROEHRS, ESQ., Bar # 9668
2  LITTLER MENDELSON, P.C.
   3960 Howard Hughes Parkway
3  Suite 300
   Las Vegas, NV  89169-5937
4  Telephone:  702.862.8800
   Fax No.:    702.862.8811
5  Email: rroskelley@littler.com
   Email: troehrs@littler.com
6
7  Attorneys for Defendant
   PETCO ANIMAL SUPPLIES STORES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRITTANY STANLEY, | Case No. 2:16-cv-03029-JAD-NJK |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| PETCO ANIMAL SUPPLIES STORES, INC., a Delaware Corporation, | |
| Defendant. | |

IT IS HEREBY STIPULATED, by and between the parties, by and through their respective counsel of record, that in order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties agree as follows:

1.  Any party may designate as "confidential" (by stamping the relevant page or labeling the item or as otherwise set forth herein) any item, document or response to discovery which that party considers in good faith to contain information involving: personal and confidential information of third-parties or non-parties; trade secrets; or sensitive or confidential business or financial information of the parties, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). The parties agree that Confidential Information specifically includes but is not limited to documents or items related to pet incidents, including the incident involving a cat's death on May 20, 2015 at the Petco store that Plaintiff formerly worked at,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

non-party Petco employee file documents and information, and Defendant's policy documentation. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.  A party may designate documents, items, or information disclosed during a deposition, in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.  All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party to whom the information is produced solely for the purpose of this case.

4.  Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b) employees of such counsel;

    (c) individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

    (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1  Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential
2  Information and made available for inspection by opposing counsel during the pendency or after the
3  termination of the action only upon good cause shown and upon order of the Court) before being
4  shown or given any Confidential Information;

5      (e)   any authors or recipients of the Confidential Information;

6      (f)   the Court, Court personnel, and court reporters; and

7      (g)   witnesses (other than persons described in paragraph 4(e)). A witness shall
8  sign the Exhibit A Certification before being shown a confidential document. Confidential
9  Information may be disclosed to a witness who will not sign the Certification only in a deposition at
10 which the party who designated the Confidential Information is represented or has been given notice
11 that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.
12 Witnesses shown Confidential Information shall not be allowed to retain copies.

13     5.   Any persons receiving Confidential Information shall not reveal or discuss such
14 information to or with any person who is not entitled to receive such information, except as set forth
15 herein.

16     ~~6.   No party or shall file or submit for filing as part of the court record any documents~~

*See order issued concurrently herewith*

~~without first obtaining leave of court. Notwithstanding any agreement among the parties,~~
~~the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor~~
19 ~~of public access to papers filed in court.~~

20     7.   A party may designate as "Confidential" documents or discovery materials produced
21 by a non-party by providing written notice to all parties of the relevant document numbers or other
22 identification within thirty (30) days after receiving such documents or discovery materials. Any
23 party may voluntarily disclose to others without restriction any information designated by that party
24 as confidential, although a document may lose its confidential status if it is made public.

25     8.   If a party contends that any material is not entitled to confidential treatment, such
26 party may at any time give written notice to the party or who designated the material. The party who
27 designated the material shall have twenty-five (25) days from the receipt of such written notice to
28 apply to the Court for an order designating the material as confidential. The party seeking the order

3.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents or items shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party that claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party that claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents or items no later than thirty (30) days after conclusion of this action to counsel for the party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

Dated: April 10, 2017

Respectfully submitted,

/s/ *Angela Lizada*
ANGELA J. LIZADA, ESQ.
LIZADA LAW FIRM, LTD.

Attorney for Plaintiff
BRITTANY STANLEY

Dated: April 10, 2017

Respectfully submitted,

/s/ *Timothy Roehrs*
RICK D. ROSKELLEY, ESQ.
TIMOTHY W. ROEHRS, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORE, INC.

**ORDER**

**IT IS SO ORDERED.**

Dated: April 11, 2017.

_____
United States Magistrate Judge

5.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

# Exhibit Index

A    Certification

# EXHIBIT A
Certification

# EXHIBIT A

# EXHIBIT A

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order in *Brittany Stanley v. Petco Animal Supplies Stores, Inc.*, Case No. 2:16-CV-03029-JAD-NJK. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED: _____   _____

Firmwide:146766780.1 060429.1164

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800